■ LAKE ERIE DISTRIBUTORS, INC., Respondent, v. LAWRENCE E. CHRIST, Appellant.— Judgment unanimously reversed, with costs, and summary judgment granted defendant dismissing the complaint. Memorandum: On this appeal from a summary judgment in favor of the plaintiff in an action seeking specific performance of an alleged stock repurchase agreement and a denial of a cross motion by defendant for summary judgment dismissing the complaint, the issue presented involves the construction of the agreement between the parties relative to the sale of 25 shares of the plaintiff's treasury stock to the defendant. Plaintiff asserts that under the agreement of the parties, defendant's employment by the plaintiff having been terminated, it is entitled to the surrender of defendant's shares of stock although fully paid for upon return of the consideration paid. Defendant asserts that he is not bound to surrender the stock because his employment was not terminated before the stock was fully paid for. Paragraph 3 of the agreement provides for the surrender by the defendant to the plaintiff of the shares of stock that are the subject of the agreement in the event of a continuing default for one week in any of the installment payments provided for in the agreement. Such reference clearly contemplates that the stock was to be transferred to the purchaser before it was paid for. Paragraph 4 contain-

ing the only reference to a limitation on transferability proscribes transfer only until the consideration is fully paid. Paragraph 5 provides that the agreement shall be cancelled and the shares surrendered upon termination of employment. We would point out that such provision for cancellation would clearly relate the contingency of termination of employment to a period prior to the payment in full for the shares because upon payment in full the purchaser would have fully performed and there would be no agreement to cancel. Furthermore once the stock was paid for, in the absence of any limitation on transferability in the agreement other than that in paragraph 4, the defendant was free to transfer it to a third party thus removing it from his control. From the foregoing it would appear that the agreement to surrender to plaintiff the shares sold upon termination of defendant's employment applied only to the period prior to full payment of the purchase price and upon such payment defendant was without restriction free to keep the stock or sell it as he saw fit. Defendant is entitled to summary judgment dismissing plaintiff's complaint. (Appeal from judgment of Erie Special Term granting motion for summary judgment in action for specific performance of agreement to surrender stock.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.